IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON LATIF BROWN, | : | CIVIL ACTION NO. **1:CV-11-1734** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CRAIG A. CULP, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On September 19, 2011, Plaintiff Leon Latif Brown, an inmate at the York County

Prison ("YCP") in York, Pennsylvania, filed, *pro se*, this civil rights action, pursuant to

42 U.S.C. § 1983. (Doc. 1). Plaintiff did not challenge any conditions related to his

confinement at YCP. Rather, Plaintiff's present constitutional claims occurred on February 10,

2011, when he was a patron in the Franklin House Tavern, located in Hanover Borough, York

County, Pennsylvania.

Plaintiff also filed two Motions for Leave to Proceed *in forma pauperis*. (Docs. 2 and

5). This Court has jurisdiction over Plaintiff's instant Complaint under 28 U.S.C. §1331 and

§1343, and venue is proper since Plaintiff was located within the Middle District of

Pennsylvania during the relevant times and all Defendants are located within this District.

On October 7, 2011, we screened Plaintiff 's Complaint pursuant to the  Prison

Litigation Reform Act of 1995 ("PLRA") and issued a Report and Recommendation. (Doc. 8).

We recommended that all of Plaintiff Brown's claims for monetary damages, both compensatory

and punitive, against Defendants in their official capacities be dismissed with prejudice.  We also recommended that Plaintiff's claims for punitive damages  against Defendant York County be dismissed with prejudice.  Further, we recommended that Plaintiff's conspiracy claim under §1983 against Defendants be dismissed without prejudice.  Additionally, we recommended that Defendant York County be dismissed without prejudice and that Defendant Hanover Borough Police Department be dismissed with prejudice.

Moreover, we recommended that supervisory Defendants Jacobs and Rielly be dismissed without prejudice for lack of personal involvement.  We also recommended that Plaintiff's Fourth Amendment excessive force claim against Defendant Culp be allowed to proceed.

Finally, we recommended that Plaintiff's *in forma pauperis* motions (Docs. 2 and 5) be granted, and that this case be remanded to the undersigned for further proceedings.

On October 25, 2011, the Court issued an Order and rejected our Report and Recommendation since it failed to address the issue of providing leave to amend or the futility of amendment.  (Doc. 9).  Thus, the Court remanded this case to us and directed us to address the issue of leave to amend.

In compliance with the Court's Order, we now issue the instant Report and Recommendation.

2

## II. Allegations of Complaint.

Plaintiff's claims are set forth on a typed, form Complaint. *See* Doc. 1. Plaintiff

names the following five (5) Defendants in his Complaint: York County Police Detective Craig A.

Culp; Hanover Borough Police Department; County of York; George Jacobs, Administrator of

the York County Drug Task Force; and Thomas Rielly, Senior Deputy Prosecutor, York County

District Attorney's Office. (Doc. 1, pp. 1-2). Plaintiff does not indicate if he sues Defendants in

both their official and individual capacities. (*Id*.).

Plaintiff avers as follows:

I came into the Tavern to have a drink [on February 10, 2011], while there
it seemed a normal atmosphere and then suddenly the front door flung
open with no regard and police came in running, the first police officer ran
to me, then turned around stating this isn't him and turned around and went
to another patron and began the procedure for arresting him, then one of the
officers who came in second to four others came running straight at me and
knocked the plaintiff to the ground handcuffed him and pushed him to the
ground. After pushing the plaintiff to the ground, the officer began yelling
curses at the plaintiff and hitting the plaintiff. The officer then started roughing
the plaintiff up while handcuffed and on the floor kicking the plaintiff with his
feet, kneeing the plaintiff in the small of his back and stating to other officers we
have to take him too, which was for no other apparent cause but to further bring
harm to the plaintiff, then the officer named in the complaint Culp went to the far
end of the bar and picked something off of the floor and stated this is going to
be yours, and rand (sic) up to the plaintiff and literally kicked the plaintiff in the
face, where the plaintiff suffered contusions and a swollen eye and have been
suffering from back and head pains since the assault took place, the plaintiff
claims Cruel and Unusual Punishment, because such barbarous actions while
the plaintiff was handcuffed where (sic) illegal and fall under the protected
guidelines of the 8th amendment protecting the plaintiff from cruel and
unusual punishment. The plaintiff submits that the actions committed by the
named defendants who all working as a group under the context of singular
administration of law who while under color of that law violated the rights of
the plaintiff and caused him bodily harm with malice and pernicious intent is

the cause for this initial claim being submitted to the United States District
Court today.

(*Id.*, p. 3).

Plaintiff alleges that as a result of the physical force police officers used on him, he

sustained "contusions and chronic pains to his head[,] neck and back." (*Id.*).  Plaintiff avers that

he is currently receiving treatment for his injuries and continuous pain at YCP.

As relief, Plaintiff seeks compensatory damages in the amount of $2.5 million against

all  Defendants, and punitive damages in the amount of $2.5 million as against all Defendants.[1]

We construe Plaintiff as raising a Fourth Amendment claim against Defendant Culp

for excessive force during his arrest.  *See Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 685 (M.D.

Pa. 2010)(excessive force claim against police officer during an arrest is under Fourth

Amendment).  Also, Plaintiff raises a Fourth Amendment claim against Defendant York County

under *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978).  Further, Plaintiff

appears to raise a §1983 conspiracy claim against Defendants Hanover Borough Police

Department, Jacobs and Rielly.

We now screen Plaintiff's pleading as we are obliged to do under the PLRA.  *See*

*Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568

F.Supp.2d 579, 589 (W.D. Pa. 2008).

---

[1]Plaintiff cannot seek punitive damages against Defendant York County in this  §1983
action.  The Supreme Court has determined that, absent a statute to the contrary,  punitive
damages cannot be awarded against a government entity. *City of Newport v. Fact Concerts, Inc.*,
453 U.S. 247, 101 S. Ct. 2748 (1981).
    Also, as stated below, Plaintiff cannot obtain money damages (both compensatory
and punitive) against the three individual Defendants in their official capacities.

### III.  PLRA.

As stated, Plaintiff  filed two applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Docs. 2 and 5).  The Prison Litigation Reform Act of 1995[2] obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[3]  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

### IV.  Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Fisher v. Matthews,*

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[3]The Plaintiff filed two applications to proceed *in forma pauperis* with this Court and an authorization to have funds deducted from his prison accounts.  The Court then issued an administrative order directing the warden to commence deduction of the full filing fee from the Plaintiff's prison trust fund account.  (Docs. 2, 5 and 6).

–F.Supp.2d–, 2011 WL 1982920, *23 (M.D. Pa. 5-20-11). Further, Section 1983 is not a source

of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[4]  *See also Holocheck v. Luzerne County*

*Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well established that personal liability under section 1983 cannot be imposed

upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423

U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir.

1976); *Parratt, supra*.  It is also well settled in the Third Circuit that personal involvement of

defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a

complaint must allege such personal involvement.  *Id*.  Each named defendant must be shown,

through the complaint's allegations, to have been personally involved in the events or

occurrences upon which Plaintiff's claims are based.  *Id*.  As the Court stated in *Rode v.*

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

*See also Fisher v. Matthews*, –F.Supp.2d–, 2011 WL 1982920, * 23 *(citing Rode, supra)*.

The Court uses the same standard to screen a complaint under the PLRA as it does

for a 12(b)(6) motion to dismiss.  *See Banks v. County of Allegheny*, 568 F.Supp.2d at 588.

---

[4]Plaintiff alleges in his pleading that Defendants were state actors and agencies.

**V. Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the

Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard
> applicable to a motion to dismiss in light of the United States Supreme Court's
> decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v.
> Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a
> complaint must contain sufficient factual matter, accepted as true to 'state a
> claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing
> *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that
> states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.
> Moreover, it continued, "[d]etermining whether a complaint states a plausible
> claim for relief will ... be a context-specific task that requires the reviewing
> court to draw on its judicial experience and common sense." *Id.* (citation
> omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The
> Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided
> a road map for district courts presented with a motion to dismiss for failure to
> state a claim in a case filed just a week before *McTernan, Fowler v. UPMC
> Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal
> elements of a claim should be separated. The District Court must accept all of
> the complaint's well-pleaded facts as true, but may disregard any legal
> conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then
> determine whether the facts alleged in the complaint are sufficient to show that
> the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a
> complaint must do more than allege a plaintiff's entitlement to relief. A
> complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of
> Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court
> instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to
> infer more than the mere possibility of misconduct, the complaint has alleged-
> but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct.
> at 1949. This "plausibility" determination will be "a context-specific task that
> requires the reviewing court to draw on its judicial experience and common
> sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.

> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Banks v. County of Allegheny*, 568 F.Supp.2d 588-589.

## VI. Discussion.

1.    *Claims for damages against Defendants Culp, Jacobs and Rielly in their official capacities*

As stated above, Plaintiff does not state if he sues the individual Defendants, Culp, Jacobs and Rielly, in their personal and/or official capacities.  (Doc. 1, pp. 1-2).  We find that, insofar as Plaintiff seeks monetary damages (both compensatory and punitive) against these Defendants, he can only sue these Defendants  in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010).  Thus, we will recommend that to the extent Plaintiff's claims for compensatory damages are against Defendants Culp, Jacobs and Rielly in their official capacities, they should be dismissed with prejudice without leave to amend. Based upon well-settled case law, we find it would be futile to allow Plaintiff to amend his Complaint to seek damages against Defendants Culp, Jacobs and Rielly in their official capacities.  *See Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010);*Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009).

Plaintiff also cannot seek punitive damages as against Defendants Culp, Jacobs and Rielly in their official capacities.  Plaintiff can only seek punitive damages as against these Defendants in their individual or personal capacities.  *See Smith v. Wade*, 461 U.S. 30, 103 S. Ct.

1625 (1983). Thus, Plaintiff's claims for punitive damages against Defendants Culp, Jacobs and

Rielly in their official capacities should be dismissed without leave to amend.  Thus, we find it

would be futile to allow Plaintiff to amend his Complaint to seek punitive damages against

Defendants  Culp, Jacobs and Rielly in their official capacities.  *See Van Tassel v. Lawrence County*

*Domestic Relations Section,* 659 F.Supp.2d 672, 696 (W.D. Pa. 2009).

      Further, Plaintiff's request for a specific amount of monetary damages (Doc. 1, p. 4)

should be stricken.  Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of

relief.  Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages

should be stricken from his Complaint.

      *2.  Defendant Hanover Borough Police Department*

      Plaintiff names both York County and Hanover Borough Police Department as

Defendants.  Plaintiff states that he names Hanover Borough Police Department as a Defendant

and that it is under the authority of the Mayor of York County and governmental directors of York

County.   (Doc. 1, p. 2).  Plaintiff seems to indicate that Defendant Hanover Borough Police

Department was part of the York County Drug Task Force, and that during the relevant time of

this case, the Defendant Police Department was acting under the authority of the Drug Task

Force.

      We find that the Hanover Borough Police Department as a municipal police

department is not a proper Defendant in this  §1983 action.  *See Draper v. Darby Tp. Police*

*Dept.*, 777 F.Supp. 2d 850, 856 (E.D. Pa. 2011).  As stated, Plaintiff has named both Hanover

Borough Police Department and York County as Defendants in this case.  Plaintiff states that York

County was "responsible for the reckless actions of the police." (*Id.*).  Plaintiff indicates that

Hanover Borough Police Department was acting as part of the York County Drug Task Force.  As

such, Plaintiff's case as against Hanover Borough Police Department  should be dismissed.  Police

departments cannot be sued in conjunction with municipalities, because the police department is

only an administrative arm of the local municipality, and is not a separate judicial entity. See

*Draper v. Darby Tp. Police Dept.*, 777 F.Supp. 2d 850, 856 (E.D. Pa. 2011)(Court held that

"Darby Police Department is not a 'person' subject to suit in a §1983 civil rights action because it

lacks an identity separate from the municipality of which it is a part.") citations omitted.

Thus, we will recommend that Defendant Hanover Borough Police Department be

dismissed with prejudice.  In light of well-settled case law, we find it would be futile to allow

Plaintiff to amend his Complaint as against Defendant Hanover Borough Police Department.[5]  *See*

*Draper v. Darby Tp. Police Dept.*, *supra*.  Based upon the above, we find that the Court should

not allow Plaintiff to amend his Complaint against Defendant Hanover Borough Police

Department, since we find it would be futile.  The Third Circuit has held that a Plaintiff who filed

an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to

amend his pleading.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).

Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow

---

[5]We note that Plaintiff has not named Hanover Borough as a Defendant.  Nor does Plaintiff state a claim against Hanover Borough under *Monell*.  Further, as stated, we construe Plaintiff as alleging that the Hanover Borough Police Department and its police officers were part of the York County Drug Task Force, and that they were acting as part of the Drug Task Force on February 10, 2011.  Thus, we find that Hanover Borough Police Department was merely an administrative arm of York County and its Drug Task Force on the day in question, and that Hanover Borough Police Department, in this case, is not a separate judicial entity.

Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility.  *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

   *3. Section 1983 Conspiracy Claim*

   As quoted above, Plaintiff simply alleges that "the actions committed by the named Defendants who all working as a group under the context of singular administration of law ... violated the rights of the Plaintiff and caused him bodily harm with malice ... ."  (Doc. 1, p. 3).  We find that, insofar as Plaintiff is deemed as alleging a § 1983 conspiracy claim, he has failed to state a cognizable conspiracy claim against Defendants under §1983.

   We find that Plaintiff's bare conclusory allegations of a § 1983 conspiracy against Defendants are inadequate to state a cognizable conspiracy claim.  *See Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992), aff'd. 980 F. 2d 722 (3d Cir. 1992), *cert. denied* 510 U.S. 829 (1993).  "The Plaintiff's allegations [of conspiracy] must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives.  Bare conclusory allegations of 'conspiracy' ... will not suffice to allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred."  *Id*. at 928.

   As the Court stated in *Dennison v. Pa. Dept. of Corrections*, 268 F. Supp. 2d 387, 401 (M.D. Pa. 2003):

> To sustain a conspiracy claim under section 1983, [Plaintiff] must establish that: (1) defendants deprived him of a right secured by the Constitution or laws of the United States and (2) conspired to do so while acting under color of state law.  *Adickes v S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Marchese v. Umstead*, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000).  Additionally, "'to [s]ufficiently

11

allege a conspiracy, a plaintiff must show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" *Marchese*, 110 F.Supp.2d at 371 (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted).  "'A plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" *Id*. (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted).

We find that Plaintiff does not specify any role or agreement of Defendants in the alleged conspiracy to violate his constitutional rights on February 10, 2011, in Franklin House Tavern.  Plaintiff fails to allege what Defendants specifically conspired to do, or what specific actions these Defendants took in furtherance of the alleged conspiracy to cause him bodily harm.

Thus, we will recommend that Plaintiff's §1983 conspiracy claim against all Defendants be dismissed without prejudice.  Based upon the above, we find that the Court should allow Plaintiff to amend his Complaint with respect to his § 1983 conspiracy claim and, we find  that there is no  bad faith, undue delay, prejudice, or futility if Plaintiff is allowed to amend his stated claim.  The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).  Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend.  *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).  Further, "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Id*. (citations omitted).

*4. Defendants Jacobs and Rielly*

Plaintiff states that Defendant Jacobs, as the Administrator of the York County Drug Task Force, "is the direct cause and as well (sic) supporter of the polices (sic) actions which is the direct harm manifested against the Plaintiff in this matter." (Doc. 1, p. 2). Plaintiff states that Defendant Rielly is the Senior Deputy District Attorney of York County and that this Defendant "supported the actions of the police who while handcuffed physically abused [Plaintiff], for which [Defendant Rielly's] responsibility being the cornerstone orchestrating the actions against the Plaintiff." (*Id*.).

We find that Plaintiff has impermissibly named Jacobs and Rielly as Defendants based on *respondeat superior*. Plaintiff does not allege that Defendants Jaocbs and Rielly were present in the Tavern on February 10, 2011, and he does not state the personal involvement of these two Defendants with respect to his Fourth Amendment excessive force claim. Nor does Plaintiff state that Defendants Jacobs and Rielly directed police officers to assault him on February 10, 2011, or that these Defendants knew police officers were going to cause him bodily harm.

Plaintiff cannot name Defendants in this § 1983 civil rights action based solely on *respondeat superior,* as he is attempting to do with respect to Defendants Jacobs and Rielly. *See Rogers v. U.S.*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010).

The Court in *Rogers,* 696 F.Supp.2d at 488, repeated the personal involvement necessary in civil rights action, and stated:

> When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir.1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no

affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id. quoting Brown v. Grabowski,* 922 F.2d 1097, 1120 (3d Cir.1990), *cert. denied,* 501 U.S. 1218, 111 S.Ct. 2827, 115 L.Ed.2d 997 (1991). The supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). Section 1983 liability cannot be predicated solely on *respondeat superior. Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *see also Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293-1295 (3d Cir.1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. *Rode,* 845 F.2d at 1208; *Cooper v. Beard,* 2006 WL 3208783 at *14 (E.D.Pa. Nov. 2, 2006).

As discussed above, we do not find that the Plaintiff has specifically stated the personal involvement of Defendants Jacobs and Rielly with respect to his Fourth Amendment excessive force claim against Detective Culp. *See Rogers, supra.* In his Complaint, Plaintiff does not allege any type of personal involvement by Defendants Jacobs and Rielly in relation to his excessive force claim. Plaintiff merely avers that these two Defendants are involved since they were supervisors of the York County Task Force and since they supported the actions of the police. (Doc. 1, p. 2).

Based upon our review of the Complaint, we do not find that supervisory Defendants Jacobs and Rielly are sufficiently alleged to be personally involved in Plaintiff's constitutional claim. Therefore, we shall recommend that supervisory Defendants Jacobs and Rielly be dismissed without

prejudice for lack of personal involvement.  *See Rogers, supra.*[6]  Also, based upon the above, we find that the Court should allow Plaintiff to amend his Complaint against Defendants Jacobs and Rielly with respect to his Fourth Amendment excessive force claim, and we find  that there is no bad faith, undue delay, prejudice, or futility if Plaintiff is allowed to amend his stated claim.  The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).  Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility.  *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

    *5.  Defendant York County*

    We find that Plaintiff raises no cognizable claim under § 1983 against Defendant York County.  While Plaintiff names York County as a Defendant in his Complaint and he asserts that this Defendant was responsible for the actions of the police, he does not sufficiently state a Fourth Amendment claim against this Defendant under *Monell*.

    As mentioned, Plaintiff has named York County as a Defendant  pursuant to *Monell v. New York Dept. of Social Servs*., 436 U.S. 658 (1978).  *See Kokinda v. Breiner*, 557 F. Supp. 2d 581,

---

[6]We note that Defendant Rielly may also be entitled to prosecutorial immunity with respect to Plaintiff's instant claims for damages insofar as  Plaintiff's present case is based on Rielly's performance of his official duties as a Deputy District Attorney in prosecuting Plaintiff. To this extent, Plaintiff's case against Defendant Rielly may be precluded by absolute prosecutorial immunity.  *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa.  2007); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Radocesky v. Munley*, 247 Fed. Appx. 363, 365 (3d Cir. 2007)("The decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages.") )citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

587 (M.D. Pa. 2008).  Under *Monell*, "municipalities and other local government units are among those 'persons' to whom Section 1983 applies."  *Malles v. Lehigh County*, 639 F.Supp.2d 566, 576 (E.D. Pa. 2009).

> As the *Malles* Court stated:
>
>> According to the teaching of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Lehigh County "can be sued directly under § 1983 ... [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Lehigh County's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell,* 436 U.S. at 690, 98 S.Ct. 2018.

*Id.*

We find that Plaintiff has not properly stated a municipal liability claim under *Monell* against Defendant York County with respect to his stated Fourth Amendment claim.

Defendant York County cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior* as Plaintiff clearly attempts to do in this case with respect to his Fourth Amendment claim.  *Malles, supra*.  Rather, Defendant York County is subject to liability to the extent it maintains an unconstitutional custom or policy that allegedly caused, on February 10, 2011, Defendant Culp to use excessive force on Plaintiff in violation of the Fourth Amendment. *Id*.  As indicated above, no such custom or policy is specifically alleged by Plaintiff in his Complaint with respect to Defendant York County.

Specifically, Plaintiff does not allege that Defendant York County had policies  to deprive its residents of their Fourth Amendment rights by permitting its police and the police in its Task Force to illegally use excessive force during arrests.  Nor does Plaintiff allege that Defendant

16

York County failed to train police in its Task Force how to properly make arrests and what force to use.

> As the *Kokinda* Court stated:
>
>> A municipality cannot be held liable for the actions of its employees under § 1983 based upon *respondeat superior*. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, "the government as an entity is responsible under § 1983" when it "caused" the Plaintiff's injury; that is, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. at 694, 98 S.Ct. 2018. Where, as here, Plaintiff alleges that the flawed policy is a failure to train, the municipality can be held liable when "'that failure amounts to "deliberate indifference . . . [to the constitutional rights of persons with whom the police come in contact.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005) (citations omitted). There must also be a causal nexus, in that the "'identified deficiency in [the] training program must be closely related to the ultimate 'constitutional'' injury." *Id*. at 325 (citations omitted).
>>
>> To survive a motion to dismiss, the plaintiff must "allege that a 'policy or custom' of [the defendants] was the 'moving force' behind the [constitutional] violation." *Grayson v. May view State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).

*Kokinda*, 557 F. Supp. 2d at 590-91.

Plaintiff does not make any allegations as described above against Defendant York County necessary to make it subject to municipality liability in a § 1983 action. Plaintiff does not allege any causal nexus between an identifiable policy and his alleged constitutional injuries. Thus, we find that Plaintiff has not sufficiently stated a claim under *Monell* against Defendant York County. Based on *Kokinda* and *Malles*, we find Plaintiff's allegations do not sufficiently state that

Defendant York County caused any alleged conduct of the individual police officers on February 10, 2011, by having customs, policies, practices and procedures, and how these policies gave rise to the constitutional violations under the Fourth Amendment alleged in the Complaint.

Therefore, we will recommend that Defendant York County be dismissed without prejudice. Based upon the above, we find that the Court should allow Plaintiff to amend his Complaint against Defendant York County with respect to his municipal liability claim under *Monell* and, we find that there is no bad faith, undue delay, prejudice, or futility if Plaintiff is allowed to amend his stated claim. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

### 6. *Defendant Detective Culp*

Plaintiff asserts a Fourth Amendment excessive force claim against Defendant Detective Culp regarding Culp's conduct on February 10, 2011. The standard governing excessive force claims in the course of an arrest, investigatory stop or other type of seizure as specified by the United States Supreme Court in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989). Pursuant to *Graham*, excessive force claims are analyzed under the Fourth Amendment's objective reasonableness standard. *Id*. We disagree with Plaintiff that his claim alleging excessive force was utilized by Defendant Culp at the Tavern during his arrest falls under the Eighth Amendment.

18

Rather, we find that Plaintiff's claim against Defendant Culp falls under the Fourth Amendment, which protects against unreasonable seizures.  Thus, Plaintiff's excessive force claim must be considered under the Fourth Amendment's reasonableness standard.

"A claim for excessive force under the Fourth Amendment requires a plaintiff to show that a seizure occurred and that it was unreasonable.  *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002); *Rivas v. City of Passaic*, 365 F.3d 181 (3d Cir. 2004); *Mitchell v. Luckenbill*, 680 F. Supp. 2d at 685.  A seizure of the plaintiff occurs "[w]henever an officer restrains the freedom of [the plaintiff] to walk away."  *Tennessee v. Garner*, 471 U.S. 1, 7, 105 S.Ct. 1694 (1985); *Mitchell v. Luckenbill*, 680 F. Supp. 2d at 685. "The use of excessive force is itself an unlawful seizure under the Fourth Amendment."  *McNeil v. City of Easton*, 694 F. Supp. 2d at 392.

In *Mitchell v. Luckenbill*, 680 F. Supp. 2d at 685-686, the Court stated:

> "A seizure occurs when there is either (a) 'a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful,' or (b) submission to 'a show of authority.' " *United States v. Brown,* 448 F.3d 239, 245 (3d Cir.2006) *686 (quoting *California v. Hodari D.,* 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991)). "Put another way, when a seizure is effected by even 'the slightest application of physical force,' it is immaterial whether the suspect yields to that force." *Id.* "The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, 'the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." *Kopec,* 361 F.3d at 776 (quoting *Graham,* 490 U.S. at 397, 109 S.Ct. 1865).
> "In assessing the reasonableness of the officers' actions," courts must "account for the fact that [officers] must make 'split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary.' " *Kubicki v. Whitemarsh Twp.,* 270 Fed.Appx. 127, 129 (3d Cir.2008) (quoting *Couden,* 446 F.3d at 493). " 'Reasonableness under the Fourth Amendment should frequently remain a question for the jury,' however, 'defendants can still

win on summary judgment if the district court concludes, after resolving all factual disputes in favor of them.' " *Kopec,* 361 F.3d at 777 (quoting *Abraham,* 183 F.3d at 290).

We find that Plaintiff has alleged that the force used against him by Defendant Culp in the Tavern was not objectively reasonable. *See McNeil v. City of Easton*, 694 F. Supp. 2d at 392.

The Third Circuit in *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004), stated:

> An excessive force claim must be evaluated "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and "must embody the allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are often tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97, 109 S.Ct. 1865. The inquiry turns on "objective reasonableness," meaning that the standard is whether the police officer's "actions [were] 'objectively reasonable' in light of the facts and circumstances" facing the officer, regardless of the officer's intent or motivation. *Id.* at 397, 109 S.Ct. 1865.

In the context of a §1983 claim, as we are presented with in this case, there is a three-part test to be applied in determining the reasonableness of the force which was used. The following factors are to be considered:

> 1.  "the severity of the crime at issue;"
>
> 2.  "whether the suspect poses an immediate threat to the safety of the officers or others;" and
>
> 3.  "whether [the arrestee] is actively resisting arrest or attempting to evade arrest by flight. "

*Graham,* 490 U.S. at 396, 109 S.Ct. at 1867; *McNeil v. City of Easton*, 694 F. Supp. 2d at 392.

The *Rivas* Court stated that:

> Additional factors include "the possibility that the persons subject
> to the police action are themselves violent or dangerous, the
> duration of the action, whether the action takes place in the context
> of effecting an arrest, the possibility that the suspect may be armed,
> and the number of persons with whom the police officers must
> contend at one time." *Sharrar v. Felsing*, 128 F.3d 810, 822
> (3d Cir. 1997). The reasonableness of the use of force is normally
> an issue for the jury. *See Abraham v. Raso*, 183 F.3d 279, 290
> (3d Cir. 1999). While some courts "freeze the time frame" and
> consider only the facts and circumstances at the precise moment
> that excessive force is applied, other courts, including this one, have
> considered all of the relevant facts and circumstances leading up to the
> time that the officers allegedly used excessive force. *See, e.g.,*
> *Abraham*, 183 F.3d at 291.

*Rivas*, 365 F.3d at 198; *McNeil v. City of Easton*, 694 F. Supp. 2d at 392.

Careful attention to the facts and circumstances of each particular case must be given,
including the aforementioned three factors. *Graham*, 490 U.S. at 396; *McNeil v. City of Easton*, 694
F. Supp. 2d at 392. The *Mitchell* Court stated that "[t]he Supreme Court has noted that 'not every
push or shove' violates the Fourth Amendment and that the right to use a certain degree of force
must be analyzed in light of the 'facts and circumstances of each particular case ... .'" 680 F. Supp.
2d at 686 (citations omitted).

Based on the above quoted allegations, we find that Plaintiff has stated a cognizable
excessive force claim against Defendant Culp since he avers that Culp kicked him in the face as he
lay on the floor of the Tavern handcuffed, and that he suffered contusions, a swollen eye, as well as
back and head pain. (Doc. 1, p. 3).

21

## VII. Recommendation.

Based on the above, it is respectfully recommended that all of Plaintiff Brown's claims for monetary damages, both compensatory and punitive, against the individual Defendants in their official capacities be dismissed with prejudice.  It is also recommended that Plaintiff's claims for punitive damages against Defendant York County be dismissed with prejudice.  Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint with respect to his stated damages claims and, we find that it would be futile to allow Plaintiff to amend his stated claims.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004)(if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility).

Further, it is recommended that Defendant Hanover Borough Police Department be dismissed with prejudice.  Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint against Defendant Hanover Borough Police Department, and we find  that there is futility if Plaintiff is allowed to amend his stated claim.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004)(if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility).

Further, it is recommended that Plaintiff's conspiracy claim under §1983 against Defendants be dismissed without prejudice.  Additionally, it is recommended that Defendant York County be dismissed without prejudice.  Moreover, it is recommended that supervisory Defendants

Jacobs and Rielly be dismissed without prejudice for lack of personal involvement. Based upon the above, we find that the Court should allow Plaintiff to amend his Complaint with respect to his conspiracy claim under §1983 against Defendants, with respect to his claims against Defendants Jacobs and Rielly, and with respect to his municipal liability claim under *Monell* against Defendant York County.  We find that there is no  bad faith, undue delay, prejudice, or futility if Plaintiff is allowed to amend his stated claims.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004)(if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility).

It is also recommended that Plaintiff's Fourth Amendment excessive force claim against Defendant Culp be allowed to proceed.

Finally, it is recommended that Plaintiff's *in forma pauperis* motions (**Docs. 2 and 5**) be granted, and that this case be remanded to the undersigned for further proceedings.




**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 27, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON LATIF BROWN, | : | CIVIL ACTION NO. **1:CV-11-1734** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CRAIG A. CULP, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 27, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                      **s/ Thomas M. Blewitt**
_____  **THOMAS M. BLEWITT**
                                                   **United States Magistrate Judge**

**Dated: October 27, 2011**