IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEON LATIF BROWN,** | : | CIVIL ACTION NO. 1:11-CV-1734 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **CRAG A. CULP; HANOVER BOROUGH POLICE DEPARTMENT; COUNTY OF YORK; GEORGE A. JACOBS; and THOMAS RIELLY** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 30th day of November, 2011, upon consideration of the report of the magistrate judge (Doc. 10), recommending that plaintiff Leon Latif Brown's ("Brown") claims for monetary damages against the individual defendants Craig Culp, George Jacobs, Thomas Rielly (collectively the "individual defendants") in their official capacities be dismissed with prejudice, Brown's claims for punitive damages against York County be dismissed with prejudice, Brown's request for a specific amount of monetary damages be stricken from his complaint, Brown's claims against the Hanover Borough Police Department be dismissed with prejudice, Brown's conspiracy claim against the individual defendants and York County be dismissed without prejudice, Brown's Fourth Amendment excessive force claim against Jacobs and Rielly be dismissed without prejudice, Brown's municipality liability claim against York County be dismissed without prejudice, Brown's Fourth Amendment excessive force claim against defendant Craig Culp in his individual capacity be allowed to proceed, and that Brown's motions to proceed

*in forma pauperis* be granted, and it appearing that the parties have not objected to the magistrate judge's report and recommendation, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 7) is ADOPTED in its entirety.

2. Brown's claims for monetary damages against the individual defendants in their official capacities are DISMISSED with prejudice.

3. Brown's request for a specific amount of monetary damages is STRICKEN from his complaint.

4. Brown's claims for punitive damages against York County are DISMISSED with prejudice.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

5. Brown's claims against the Hanover Borough Police Department are DISMISSED with prejudice.

6. Brown's conspiracy claim against the individual defendants and York County is DISMISSED without prejudice.

7. Brown's Fourth Amendment excessive force claim against Jacobs and Rielly is DISMISSED without prejudice.

8. Brown's municipality liability claim against York County is DISMISSED without prejudice.

9. Brown's motions (Docs. 2, 5) to file and proceed *in forma pauperis* are granted.

10. Within twenty-one (21) days of the date of this order, Brown may file an amended complaint with respect to his conspiracy claim against the individual defendants and York County, his Fourth Amendment excessive force claim against Jacobs and Rielly, and his municipality liability claim against York County. If no such amended pleading is filed, the instant matter will proceed on the remaining claims.

11. The above-captioned matter is REMANDED to the magistrate judge for further proceedings.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge