# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON LATIF BROWN, | : | CIVIL ACTION NO. 1:CV-11-1734 |
| | : | |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CRAIG A. CULP, et al., | : | |
| | : | |
| Defendants | **:** | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND

On September 19, 2011, Plaintiff Leon Latif Brown, an inmate at the York County Prison ("YCP") in York, Pennsylvania, filed, *pro se*, this civil rights action, pursuant to 42  U.S.C. § 1983.  (Doc. 1).  Plaintiff did not challenge any conditions related to his confinement at YCP.  Rather, Plaintiff's present constitutional claims occurred on February 10, 2011, when he was a patron in the Franklin House Tavern, located in Hanover Borough, York County, Pennsylvania.

Plaintiff also filed two Motions for Leave to Proceed *in forma pauperis*.  (Docs. 2 and 5).  This Court has jurisdiction over Plaintiff's instant Complaint under 28 U.S.C. §1331 and §1343, and venue is proper because Plaintiff was located within the Middle District of Pennsylvania during the relevant times and all Defendants are located within this District.

On October 7, 2011, we screened Plaintiff 's Complaint pursuant to the  Prison Litigation Reform Act of 1995 ("PLRA") and issued a Report and Recommendation.  (Doc.

8).  We recommended the following: (1) dismissal with prejudice for all of Plaintiff Brown's claims for monetary damages, both compensatory and punitive, against Defendants in their official capacities; (2) dismissal with prejudice of Plaintiff's claims for punitive damages against Defendant York County; (3) dismissal without prejudice of Plaintiff's conspiracy claim under §1983 against the individual Defendants; (4) dismissal without prejudice of Defendants York County, Jacobs and Rielly; (5) dismissal with prejudice of Defendant Hanover Borough Police Department; and (6) Plaintiff's Fourth Amendment excessive force claim against Defendant Culp be allowed to proceed.  Finally, we recommended that Plaintiff's *in forma pauperis* motions (Docs. 2 and 5) be granted, and that this case be remanded to the undersigned for further proceedings.

On October 25, 2011, the Court issued an Order rejecting our Report and Recommendation because it failed to address whether Plaintiff should be permitted leave to amend his Complaint.  (Doc. 9).

On October 27, 2011, we issued a second Report and Recommendation, reiterating our prior Report and Recommendation, giving Plaintiff permission to amend his Complaint with respect to his  conspiracy claim under §1983 against Defendants Jacobs, Rielly and Culp and with respect to his municipal liability claim under *Monell* against Defendant York County as there would be no bad faith, undue delay, prejudice or futility if Plaintiff amended his stated claims.  (Doc. 10).  We also recommended that Plaintiff's Fourth Amendment excessive force claim against Defendant Culp be allowed to proceed, that Plaintiff's *in forma pauperis* motions (Docs. 2 and 5) be granted, and that this case be

remanded to the undersigned for further proceedings.  (Doc. 10).

On November 30, 2011, the Court issued an Order adopting our Report and Recommendation in its entirety, granting Plaintiff twenty-one (21) days from the Order date to file an Amended Complaint, and remanding the matter to us for further proceedings. (Doc. 11).

On December 1, 2011, Defendant Hanover Borough Police Department was terminated from the suit, and, on January 3, 2012, the Court issued an Order (Doc. 12) directing service of the original Complaint (Doc. 1) on the remaining Defendants.

On January 13, 2012, Defendants County of York, George Jacobs, and Thomas Reilly filed their Motion to Dismiss (Doc. 14) and their Brief in Support (Doc. 15) of this Motion. On February 1, 2012, the Court issued an Order directing Plaintiff to file a Brief in Opposition to Defendants' Motion to Dismiss by February 23, 2012, and failure by Plaintiff to do so would result in dismissal.  (Doc. 21).

On February 24, 2012, Defendant Craig Culp filed his Motion to Dismiss for Failure to State a Claim (Doc. 22) and Brief in Support (Doc. 23) of this Motion.

On March 20, 2012, the Court issued an Order directing Plaintiff to file a Brief in Opposition to both Motions to Dismiss (Docs. 14 and 22) by April 9, 2012, stating that failure to do so would result in the motions being deemed unopposed with a grant of Defendants' Motions without a merit analysis.  (Doc. 26).

On April 6, 2012, Plaintiff filed a Motion to Amend/ Correct his Complaint.  (Doc. 28).  On April 9, 2012, Plaintiff filed a Brief in Opposition to Defendants' Motions to

3

Dismiss.  (Doc. 29).  On April 10, 2012, Plaintiff filed a Motion for Appointment of Counsel, which we denied on April 13, 2012.  (Docs. 30 and 31, respectively). On April 18, 2012, Defendant Culp filed a Reply Brief to Plaintiff's Brief in Opposition to Defendants' Motions to Dismiss.  (Doc. 32).

On June 6, 2012, we deemed Plaintiff's Document 28 Motion for Leave to Amend/Correct his Complaint as withdrawn because Plaintiff failed to file a Brief in Support in accordance with Middle District of Pennsylvania Local Rule 7.5.  Plaintiff also failed to file a Proposed Amended Complaint in accordance with Middle District of Pennsylvania Local Rule 15.1.  However, because the Standing Practice Order (Doc. 3) that was sent to Plaintiff did not include Local Rule 15.1, we could not deem Plaintiff's Motion for Leave to Amend as withdrawn based on violation of Rule 15.1.  *Keller v. Collins*, 2012 U.S. Dist. LEXIS 30213 (D. Pa. 2012).

## II.      MOTION TO DISMISS STANDARDS OF REVIEW

### A.      FEDERAL RULE OF CIVIL PROCEDURE 41(b)

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed. R. Civ. P. 41(b) (emphasis added).

### B.      FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth

the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937 (2009), as follows:

> The issue is not whether the plaintiff will prevail at the end
> but only whether he should be entitled to offer evidence to
> support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232
> (1974). A complaint must be dismissed pursuant to Rule
> 12(b)(6) if it does not allege "enough facts to state a claim to
> relief that is plausible on its face." *Bell Atlantic Corp. v.*
> *Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d
> 929 (2007) (rejecting the traditional 12(b)(6) standard set
> forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2
> L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----,
> ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL
> 1361536 (May 18, 2009) (specifically applying *Twombly*
> analysis beyond the context of the Sherman Act). The court
> must accept as true all allegations of the complaint and all
> reasonable factual inferences must be viewed in the light
> most favorable to plaintiff. *Angelastro v. Prudential-Bache*
> *Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court,
> however, need not accept inferences drawn by plaintiff if
> they are unsupported by the facts as set forth in the
> complaint. See *California Pub. Employee Ret. Sys. v. The*
> *Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse*
> *v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d
> Cir.1997). Nor must the court accept legal conclusions set
> forth as factual allegations. *Twombly*, 550 U.S. at 556, citing
> *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92
> L.Ed.2d 209 (1986). "Factual allegations must be enough to
> raise a right to relief above the speculative level." *Twombly*,
> 550 U.S. at 556. Although the United States Supreme Court
> does "not require heightened fact pleading of specifics, [the
> Court does require] enough facts to state a claim to relief
> that is plausible on its face." *Id.* at 570.
>
> In other words, at the motion to dismiss stage, a plaintiff is
> "required to make a 'showing' rather than a blanket assertion of an

> entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1
> (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*,
> 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a
> probability requirement at the pleading stage, but instead simply
> calls for enough facts to raise a reasonable expectation that
> discovery will reveal evidence of the necessary element." *Phillips*,
> 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

*See also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 588 (M.D. Pa. 2008).

## III.  DISCUSSION

We will now address the two ripe Motions to Dismiss filed by Defendants York County, Jacobs and Rielly (Document 14) and Defendant Culp (Document 22).  It is necessary to address the motions separately because the Court's November 30, 2011 Order stated that if Plaintiff failed to file an Amended Complaint by December 20, 2011, the case would proceed only on the remaining claims.  Because Plaintiff has failed to file an Amended Complaint in compliance with the November 30, 2011 Order, the case can proceed only on Plaintiff's one remaining claim that Defendant Culp violated his Fourth Amendment right against excessive force.  Therefore, we will first address the Document 14 Motion to Dismiss filed by Defendants York County, Jacobs and Rielly, and then will address the Document 22 Motion to Dismiss filed by Defendant Culp.

### A.  DEFENDANTS YORK CO., JACOBS AND RIELLY'S MOTION TO DISMISS

In their Document 14 Motion to Dismiss and accompanying Document 15 Support Brief, Defendants York County, Jacobs and Rielly argue that all of Plaintiff's claims against them should be dismissed with prejudice because Plaintiff has failed to amend his original complaint in accordance with the Court's November 30, 2011 Order. (Doc. 14, p. 1; Doc.

15, p. 4-5).  In an Order dated November 30, 2011, the Court stated the following:

> Within twenty-one (21) days of the date of this order, Brown may file an amended complaint with respect to his conspiracy claim against the individual Defendants and York County, his Fourth Amendment excessive force claim against Jacobs and Rielly, and his municipality liability claim against York County. If no such amended pleading is filed, the instant matter will proceed only on the remaining claims.

(Doc. 11, p. 3).

Defendants York County, Jacobs and Rielly argue that because Plaintiff failed to file an amended complaint, he effectually waived his claims against them, and, as a result, their Document 14 Motion to Dismiss should be granted thereby dismissing with prejudice all of Plaintiff's claims against them.  (Doc. 14, p. 1; Doc. 15, p. 4-5).

In his Brief in Opposition to the Document 14 Motion to Dismiss, Plaintiff argues that "due to circumstances beyond his control he was unable to respond in a timely fashion." (Doc. 29, p. 5).  These circumstances include alleged inadequate mail service, inadequate time to access an allegedly inadequate law library and lack of knowledge of relevant legal principles.  (Doc. 29, p. 5).  Plaintiff "begs the court with the utmost humility that the court maintains, until a later date, those issues argued relating to a Monell claim . . ."  (Doc. 29, p. 6-7).

### i. Defendants York County, Jacobs and Rielly aver, and we respectfully recommend, that the Court dismiss with prejudice Plaintiff's claims against them in accordance with Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added).  In the instant case, Plaintiff has willfully failed to prosecute his

7

action with respect to Defendants York County, Jacobs and Rielly  because of his failure to comply with the Orders of this Court to file his Amended Complaint by December 20, 2011.  Because he has failed to file an Amended Complaint, Plaintiff has not given these three Defendants fair notice of what the claims he is alleging against them are.

 We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]."  *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007).  Because we find that Plaintiff's conduct clearly shows that he intended to abandon his claims against Defendants York County, Jacobs and Rielly, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984) is required before recommending that Defendants' Document 14 Motion to Dismiss be granted and the claims against Defendants York County, Jacobs and Rielly be dismissed with prejudice under Rule 41(b).  *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> [T]he factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused  by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.

We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. His inaction points to no other logical conclusion.

*Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.)

Thus, out of an abundance of caution, we also analyze the *Poulis* factors.  We find that Plaintiff's stated conduct in delaying his case is attributed to him personally.  We gave Plaintiff twenty-one (21) days from the date of our November 30, 2011 Order  to file his Amended Complaint.   (Doc. 11, p. 3).  We warned Plaintiff that failure to file a timely Amended Complaint would mean that the instant matter would proceed on only the remaining claim [of Fourth Amendment excessive force against Defendant Culp].  (*Id.*). Plaintiff was required to have filed his Amended Complaint by December 20, 2011. However, for over four months, Plaintiff gave no indication that he intended to pursue his action with regards to his claims against Defendants York County, Jacobs and Rielly until he filed a Motion for Leave to Amend on April 4, 2012.  Furthermore, two (2) months after filing this Motion for Leave to Amend, Plaintiff still has not filed a Brief in Support or a Proposed Amended Complaint.

We find that Plaintiff has caused prejudice to Defendants because they have been named in a federal lawsuit, and no action, including service of a proper pleading, has been

made on them to date.  While Plaintiff does not yet have a significant history of dilatoriness in this case, his present conduct in failing to prosecute his September 19, 2011 case is nonetheless evidence of dilatoriness, especially because this case cannot proceed with regards to Plaintiff's claims against Defendants York County, Jacobs and Rielly without his compliance with the Court's November 30, 2011 Order.

Plaintiff argues that he should be permitted to file a tardy amended complaint because he lacks access to an alleged inadequate law library and because he lacks knowledge of the legal principles at hand.  (Doc. 29, p. 5-7).  However, since we issued our November 30, 2011 Order giving Plaintiff twenty-one (21) days to amend his Complaint, he has managed to file Motion for Appointment of Counsel, a Motion for Leave to Amend his Complaint, and a Brief in Opposition to Documents 14 and 22 Motions to Dismiss. Therefore, the reasons he provides for failing to file his Amended Complaint are seemingly invalid and support our position that Plaintiff's failure to file an amended complaint was willful and dilatory.

Plaintiff was well aware of the consequences of his failure to comply with the Court's November 30, 2011 Order, and thus, we recommend that all of his claims against Defendants York County, Jacobs and Rielly be dismissed with prejudice under Rule 41(b) for failure to prosecute and comply with the Court's November 30, 2011 Order.

**ii.  Defendants York County, Jacobs and Rielly aver, and we respectfully recommend, that Plaintiff's claims against them be dismissed with prejudice in accordance with Federal Rule of Civil Procedure 12(b)(6).**

Federal Rule of Civil Procedure 12(b)(6) permits a dismissal of an action on the basis of failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). Defendants York County, Jacobs and Rielly aver that because Plaintiff failed to file an amended complaint, he failed to state a claim against these Defendants and, therefore, their Motion to Dismiss should be granted and the action should be dismissed with prejudice in accordance with Rule 12(b)(6) as to allegations against Defendants York County, Jacobs and Rielly.  (Doc. 22, p. 3).

Federal Rule of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . .  claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1959 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, "[a] party must state its claims . . . in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . .  must be stated in a separate count . . . " Fed. R. Civ. P. 10(b).  Although there is not a heightened pleading standard in civil rights cases,[1] a civil rights complaint, in order to

---

[1]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions.  The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

comply with Rule 8, must contain at least a modicum of factual specificity, identifying the

particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the

court can determine that the complaint is not frivolous, and so that a defendant has

adequate notice to frame an answer.  *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785

F.2d 65, 68 (3d Cir. 1986).  A civil rights complaint complies with this standard if it alleges

the conduct violating the plaintiff's rights, the time and the place of that conduct, and the

identity of the responsible officials.  Also, a civil rights pleading must include factual

allegations to support the constitutional claims raised in the complaint.  *See Ashcroft v. Iqbal*,

__ U.S. __, 129 S.Ct. 1937, 1949, 1953 (2009).

Plaintiff's original Complaint did not meet the requirements of the Federal Rule of Civil

Procedure 8(a) as detailed in our Report and Recommendation filed on October 27, 2011

and the Court's Order issued on November 30, 2011.  (Docs. 7 and 11, respectively).  As

stated, Plaintiff was afforded twenty-one (21) days from the date of the November 30, 2011

Order to amend his § 1983 conspiracy and excessive force claims against Defendants Culp,

Jacobs and Rielly, and his municipal liability *Monell* claim against York County. (Doc. 11).

However, Plaintiff failed to file an amended complaint, and Defendants argue that due to

this failure, Plaintiff failed to state a claim in conformance with Federal Rule of Civil

Procedure 8(a) (2) and 10(b).

In this case, Plaintiff's failure to comply with Federal Rule of Civil Procedure 8(a) and

10(b) is grounds for dismissal of the action under Federal Rule of Civil Procedure 12(b)(6) for

failure to state a claim.  While *pro se* litigants, such as Plaintiff, are accorded substantial

deference in federal court, they are not free to ignore the Federal Rules of Civil Procedure. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980).

As discussed above, the Court's November 30, 2011 Order clearly stated that if Plaintiff failed to amend his complaint by December 20, 2011, the only claims that would be allowed to proceed were those that were not dismissed with or without prejudice.  (Doc. 11, p. 3).  Because Plaintiff has failed to amend his Complaint in compliance with the Court's November 30, 2011 Order, he in turn has failed to prosecute his action requiring dismissal with prejudice under Federal Rule of Civil Procedure 41(b) and has failed to state a claim upon which relief can be granted requiring dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6).  Because Plaintiff has no remaining claims against Defendants York County, Jacobs and Rielly, we respectfully recommend that the Court grant Defendants' Document 14 Motion to Dismiss, effectively terminating Defendants York County, Jacobs and Rielly from the suit.

### B.   DEFENDANT CULP'S MOTION TO DISMISS

In his Document 22 Motion to Dismiss and Document 23 Support Brief, Defendant Culp argues that the conspiracy claim Plaintiff was permitted to amend in accordance with the Court's November 30, 2011 Order should be dismissed with prejudice for Plaintiff's failure to file an amended complaint.  (Doc. 22, p. 2; Doc. 23, p. 8). As stated in the November 30, 2011 Order and referred to in Defendant Culp's Motion to Dismiss, if the Plaintiff failed to amend his Complaint with respect to the conspiracy claim raised in his original Complaint, the conspiracy claim would be dismissed with prejudice.  (Doc. 11, p.

2).

Defendant Culp also argues that the *Monell* claim filed against Hanover Borough should be dismissed with prejudice because the Borough cannot be held liable on the basis of *respondeat superior* and because the Borough had no policy in place that would render it liable for the alleged constitutional violations of its employee Defendant Culp.  (Doc. 22, p. 2; Doc. 23, p. 8-11).

Lastly, Defendant Culp argues that the Court overstepped its bounds by construing Plaintiff's Eight Amendment cruel and unusual punishment claim as a Fourth Amendment excessive force claim.  (Doc. 22, p. 2; Doc. 23, p. 11-14).  Defendant argues that although it is understood that the Court has the authority to liberally construe a *pro se* Plaintiff's allegations, in this case, the Court has actually advocated for Plaintiff as opposed to simply liberally construing Plaintiff's Eighth Amendment cruel and unusual punishment claim.  (*Id.*).  However, Defendant Culp does state that at best the Court should dismiss Plaintiff's Eighth Amendment cruel and unusual punishment claim with prejudice, but allow Plaintiff to amend his Complaint to properly allege any Fourth Amendment excessive force claim.  (Doc. 23, p. 14).

In Plaintiff's Brief in Opposition to Defendant Culp's Document 22 Motion to Dismiss, Plaintiff waives the conspiracy and *Monell* claims with regards to Defendant Culp and the Hanover Borough Defendants (who have already been terminated from the action and therefore do not need to be addressed in the analysis regarding the Motions to Dismiss and subsequent pleadings).  (Doc. 29, p. 3).  However, with regards to his Eighth

Amendment cruel and unusual punishment claim that the Court liberally construed as a

Fourth Amendment excessive force claim, Plaintiff argues that he should be permitted leave

to amend this allegation in an amended complaint due to alleged limited access to an

alleged inadequate law library and due to his self-admitted lack of knowledge and

understanding of the legal principles at hand.  (Doc. 29, p. 3-5).  In his Opposition Brief,

Plaintiff also requests appointment of counsel in the last sentence of his Brief in Opposition.

(Doc. 29, p. 7).  However, we have already denied his formal Motion for Appointment of

Counsel in an Order dated April 13, 2012,  and, therefore, we respectfully deny Plaintiff's

attempt at a second request for appointment of counsel for the same reasons we denied his

Document 30 Motion for Appointment of Counsel.  (Docs. 30 and 31, respectively).

In response the Plaintiff's Opposition Brief, Defendant Culp filed a Reply Brief on

April 18, 2012 again asking the Court to grant his Document n22 Motion to Dismiss.  (Doc.

32).  In his Reply Brief, Defendant Culp reiterates his Motion to Dismiss argument that the

Court went beyond the scope of interpreting the *pro se* Plaintiff's Complaint when it

construed Plaintiff's Eighth Amendment cruel and unusual punishment claim as a Fourth

Amendment excessive force claim.  (Doc. 32, p. 3).  Defendant Culp also avers that the

Court should not allow Plaintiff to amend his complaint as he has failed to file a brief in

support of his motion for leave to amend.  Alternatively,  should the Court allow Plaintiff to

file an amended complaint, Defendant Culp requests that the amended complaint be a

"new, clean Amended Complaint in paragraph-by-paragraph format, such that counsel and

Defendants can understand the nature of the claims and to whom they are made against."

(*Id*.).

**i.  Defendant avers, and we respectfully recommend, that Plaintiff's conspiracy and Monell claims against Defendant Culp be dismissed with prejudice under Rule 41(b) and Rule 12(b)(6).**

As discussed at length above, Plaintiff has failed to file an amended complaint with regards to the conspiracy and *Monell* claims against Defendant Culp, and, therefore, has failed to comply with the Court's November 30, 2011 Order.  Furthermore, in his Document 29 Opposition Brief, Plaintiff waived these claims against Defendant Culp.  Based on this information, we respectfully recommend that Defendant Culp's Document 22 Motion to Dismiss regarding these two claims be granted and that these claims be dismissed with prejudice on the basis of Plaintiff's waiver of these claims, his failure to prosecute and comply with the Court's Order in violation of Rule 41(b) (as discussed above) and failure to state a claim in violation of Rule 12(b)(6) (as discussed above).

**ii.  We respectfully recommend that Defendant Culp's Motion to Dismiss Plaintiff's Fourth Amendment excessive force claim be denied and that the claim be permitted to proceed as stated in our November 30, 2011 Order.**

Addressing Plaintiff's Eighth Amendment cruel and unusual punishment claim construed liberally by the Court as a Fourth Amendment excessive force claim, we respectfully recommend that the Court deny Defendant Culp's Document 22 Motion to Dismiss with regards to Plaintiff's Fourth Amendment excessive force claim.  It is within the Court's full discretion to liberally construe a *pro se* Plaintiff's claims in favor of the Plaintiff. The Court in no way, as Defendant Culp's Motion to Dismiss states, credited the *pro se*

Plaintiff's "bald assertions" or "legal conclusions."  As Plaintiff himself stated in his Brief in

Opposition to Defendant Culp's Motion to Dismiss, "[t]his is a case where a man handcuffed

and laying secured on the floor gets kicked in the face by another man wearing boots.

Mincing words, excessive force or cruel and unusual punishment, to a layman is not a point

of argument.  Plaintiff realizes now that in the world of law this is a point that is important

and begs the courts forbearance.  Regardless, it is within the courts mandate to correct the

pro se litigant and direct the correction in the interest of justice and clarity.  It does not

abuse the defendant of any right of due process." (Doc. 29, p. 4).  Therefore, we

respectfully recommend that this Court allow  Plaintiff's Fourth Amendment excessive force

claim to proceed in accordance with the Court's November 30, 2012 Order.

## IV.    RECOMMENDATION

Based on the discussion above, we respectfully recommend that the Court grant

Defendants York County, Jacobs and Rielly's Document 14 Motion to Dismiss, thereby

dismissing with prejudice all of Plaintiff's claims against these three Defendants.

Additionally, we respectfully recommend that the Court grant Defendant Culp's Document

22 Motion to Dismiss with respect to the conspiracy and *Monell* claims, but deny the motion with respect to the Fourth Amendment excessive force claim the Court gave permission to proceed in its November 30, 2011 Order.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 7, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON LATIF BROWN, | : | CIVIL ACTION NO. **1:CV-11-1734** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CRAIG A. CULP, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June** 7**, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


                                           **s/ Thomas M. Blewitt**
_____ **THOMAS M. BLEWITT**
                                         **United States Magistrate Judge**


**Dated: June 7, 2012**